1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| APEXART CURATORIAL PROGRAM, INC., | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| APEX ART LAB LLC, | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Apexart Curatorial Program, Inc. ("Apexart" or "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, brings this suit against Apex Art Lab LLC ("Apex Art Lab" or "Defendant"), and for its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks damages and injunctive relief for Defendant's infringement of Plaintiff's distinctive and incontestable APEXART Mark, unfair competition, and false designation of origin, under Federal and Washington law, and related common law claims.

COMPLAINT
JURY DEMAND

DM2\17068937.1

Page No. 1

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

**PARTIES**

2. Plaintiff Apexart is a non-profit 501(c)(3) designated corporation incorporated under the New York State Education Department by the Board of Regents, with a place of business at 291 Church Street, New York, New York 10013.

3. Upon information and belief, and after a diligent and reasonable search, Defendant Apex Art Lab is a Washington state limited liability company with a principal and mailing address of 2445 4th Avenue South, Suite 106, Seattle, WA 98134. Brenna Vertz is listed as the agent for service for Defendant.

4. Upon information and belief, and after a diligent and reasonable search, email addresses associated with Defendant include info@apexartlab.com and jay@apexartlab.com.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises, in part, under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over Plaintiff's claims arising under the laws of the State of Washington.

7. This Court has personal jurisdiction over Defendant because Defendant is organized in and/or transacts business in the State of Washington and offers services under an infringing mark in this district.

8. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b), because Defendant is subject to personal jurisdiction in this district due to its voluntary transacting of business herein, including offering and selling products and services in and to this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district.

///

///

COMPLAINT
JURY DEMAND

DM2\17068937.1

Page No. 2

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

**FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION**

**A.     Apexart and the well-known APEXART Trademark**

9.  Apexart is a non-profit arts organization in New York City that was founded in 1994.

10. Apexart's program supporters past and present include the National Endowment for the Arts, Milton and Sally Avery Arts Foundation, the Kettering Family Foundation, the Buhl Foundation, The Martin and Rebecca Eisenberg Foundation, Bloomberg Philanthropies, Spencer Brownstone, the Kenneth A. Cowin Foundation, Epstein Teicher Philanthropies, The Greenwich Collection Ltd., William Talbott Hillman Foundation/Affirmation Arts Fund, the Fifth Floor Foundation, the Consulate General of Israel in New York, The Puffin Foundation, the Trust for Mutual Understanding, The Andy Warhol Foundation for the Visual Arts, and public funds from the New York City Department of Cultural Affairs in partnership with the City Council, public funds from Creative Engagement, supported by the New York State Council on the Arts with the support of the Governor and administered by LMCC, funds from NYSCA Electronic Media/Film in Partnership with Wave Farm: Media Arts Assistance Fund, with the support of the Office of the Governor and the New York State Legislature, as well as the New York State Council on the Arts with the support of Governor Kathy Hochul and the New York State Legislature.

11. Apexart is known worldwide in the art community for offering opportunities to curators and emerging and established artists who challenge set ideas about culture, art, exhibitions, and curation. As part of the organization, Apexart puts on public exhibitions, offers fellowships, publishes publications, and hosts public programs. Visiting the Apexart gallery in New York City is free and open to the public and as such it attracts visitors from all over the world and the United States. Plaintiff welcomes over 7,000 in-person event and exhibition visitors per year. Plaintiff's official website also garners over 22,000 views per month.

COMPLAINT
JURY DEMAND

Page No. 3

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

12. Apexart advertises, markets, and promotes its art-related services both digitally and in print. Plaintiff currently has approximately 7,500 Instagram followers, 10,250 Facebook followers, 11,300 Twitter followers, and 18,000 email subscribers. Plaintiff has distributed approximately 68,500 exhibition brochures in the United States and ninety-one foreign countries.

13. Plaintiff is featured in various art-industry publications such as ARTnews, Art & Education, and Apollo Magazine, and broader publications including The New Yorker, Der Spiegel, Entertainment Tonight and The New York Times, all of the aforementioned for national audiences.

14. Apexart has expended substantial resources promoting its arts-related services. Apexart spends substantial sums of money each year, including: $87,000 for full color brochures sent to over 7,000 people, organizations, and institutions in over 80 countries; $35,000 in digital advertising on websites such as e-flux and hyperallergic; and over $70,000 in staff time to promote exhibitions and advertise arts-related services under the APEXART mark to the art industry and the consuming public in newspapers, social media, magazines, and in direct mail and electronic mail campaigns.

15. Apexart also presents exhibitions and installations outside of New York City. In 2021 alone, Apexart presented in Massachusetts, as well as internationally in France, Brazil, Mozambique, Puerto Rico. Over the past 30 years, Apexart has presented in more than 50 countries. *See* **Exhibit A** for true and accurate screenshots from the Apexart website available at https://apexart.org/pastexhibitions.php.

16. Apexart is and has been promoting, offering, and rending its art related services under its APEXART trademark for nearly 30 years.

17. On August 20, 2002, Apexart successor in interest to Steven Rand, an individual, obtained U.S. Trademark Registration No. 2609921 for APEXART for "Not for profit educational services and exhibitions, namely the exhibition of original artwork and

COMPLAINT
JURY DEMAND

DM2\17068937.1

Page No. 4

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

related lectures and panels, and the operation of a residency program where individuals worldwide are invited to attend, to pursue their studies" on the Principal Register (the "APEXART Mark").

18. Apexart's APEXART mark registration identifies a date of first use of at least as early as June 1, 1994.

19. Apexart's APEXART mark is registered as a word mark in standard characters, without any logo and not in any stylized typeface. A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 2609921 is attached hereto as **Exhibit B.**

20. As a result of substantially exclusive and continuous use of the mark, Apexart's APEXART mark has achieved incontestable status. The validity of the APEXART mark, the registration of the mark, Apexart's ownership of the mark, and its exclusive rights to use this registered mark in commerce for the above-mentioned goods are therefore incontestable under 15 U.S.C.A. § 1065, and 15 U.S.C.A. § 1115(b), as Apexart has filed the required affidavits with the PTO.

21. As a result of Apexart's continued, exclusive, and longstanding use of the APEXART mark to identify its arts related services, the APEXART mark has become well-known and has come to identify APEXART as the source of its services.

22. Apexart has maintained and continues to maintain the highest standards of quality in selecting artists and other individuals to participate in its exhibitions, fellowships, and various other arts related programs.

**B.     Defendants' Business**

23. Upon information and belief, Defendant offers contemporary art, framing and installation services out of its store location at 2445 4th Avenue South, Suite 106, Seattle, WA 98134. According to the Washington State Corporations and Charities Filing System, Defendant formed its LLC on November 20, 2018. Attached hereto as **Exhibit C** is a true and

COMPLAINT
JURY DEMAND

Page No. 5

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

accurate copy of the entry for Apex Art Lab LLC.

### C.    Defendants' Unlawful Activities

24.    Upon information and belief, Defendant has been offering its services under the APEX ART LAB trademark (the "Infringing Mark") since at least as early as 2012. See **Exhibit D**, for true and accurate screenshots from Defendant's website.

25.    Upon learning that Defendant offered its art-related services under the Infringing Mark, Plaintiff, through its predecessor-in-interest in the APEXART Mark, contacted Defendant on July 18, 2020 and requested that Defendant cease using the Infringing Mark due to a likelihood of confusion with the APEXART Mark.

26.    On March 12, 2020, Jay Vertz, owner of Apex Art Lab, responded to Plaintiff and indicated he did not believe Defendant infringed the APEXART Mark, to which Plaintiff responded on May 4, 2020, reiterating the likelihood of confusion. See **Exhibit E**, for true and accurate screenshots of this email correspondence dated March 12, 2020, and May 4, 2022.

27.    Plaintiff repeatedly sent Defendant further correspondence demanding that Defendant stop using the Infringing Mark. On June 8, 2022, Plaintiff sent a letter to Defendant repeating its claims. See **Exhibit F**, a true and accurate copy of Plaintiff's June 8, 2022 letter to Defendant.

28.    On June 24, 2022, through its counsel, Defendant responded to Plaintiff's letter again denying the infringing use. See **Exhibit G**, a true and accurate copy of Defendant's June 24, 2022 response to Defendant.

29.    On July 18, 2022, Plaintiff contacted Defendant yet again to demand it stop using the Infringing Mark. Plaintiff has since then not heard back from Defendant. See **Exhibit H**, a true and accurate copy of Plaintiff's July 18, 2022 correspondence to Defendant.

30.    Defendant's use of and application for the Infringing Mark is at least eighteen years after Plaintiff began using its APEXART Mark.

31.    Upon information and belief, there is no possible date of priority that Defendant

COMPLAINT
JURY DEMAND

Page No. 6

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

could claim that would predate Plaintiff's dates of priority associated with the APEXART Mark.

32. Defendant's use of the infringing APEX ART LAB mark is nearly identical to Plaintiff's use of the APEXART Mark, as the only differences between the marks are the space between "APEX" and "ART" and the generic wording "LAB."

33. Defendant's use of the Infringing Mark is with identical and confusingly similar services, specifically for art-related services.

34. Upon information and belief, Defendant's actions were done with constructive and/or actual knowledge of Plaintiff's organization, services, and the APEXART Mark.

35. By virtue of the U.S. trademark registration for the APEXART Mark, Defendant has had constructive knowledge of the APEXART Mark since April 27, 2001 (the filing date of the APEXART Mark application).

36. Defendant's art gallery and exhibition-related services under the Infringing Mark are competing and/or closely related to Plaintiff's art gallery and exhibition-related services under the APEXART Mark. Both Parties' services are commonly offered or rendered through the same trade channels and sought by the same classes of consumers.

37. Defendant's unauthorized use of the Infringing Mark is likely to mislead consumers into believing that Defendant's art-related services are sponsored, licensed, approved by, or are otherwise associated or affiliated with Plaintiff and its APEXART Mark.

38. Upon information and belief, Defendant adopted and commenced use of, uses, and plans to continue to use the Infringing Mark with the intent and purpose of trading upon the extensive goodwill built up by Plaintiff in its APEXART Mark and to reap the benefits of the years of effort invested by Plaintiff to create public recognition of the APEXART Mark and services rendered thereunder.

39. Upon information and belief, Defendant's actions were done in bad faith to cause a likelihood of confusion.

COMPLAINT
JURY DEMAND

Page No. 7

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

40. Defendant has engaged and continues to engage in deliberate and willful infringement designed to confuse consumers as to the source of Defendant's art-related services offered and provided under the Infringing Mark and trade upon Plaintiff's valuable intellectual property, goodwill, and reputation.

41. Defendant's conduct constitutes trademark infringement, unfair competition, and false designation of origin, in violation of federal, state and common law. Under the applicable federal and Washington state statutes, Plaintiff would be entitled to not only immediate and permanent injunctive relief against Defendant's continued infringement, but also to recovery of profits, treble and punitive damages.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

42. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

43. Plaintiff owns a valid and incontestable federal trademark registration for the APEXART Mark, as shown in **Exhibit B** attached hereto.

44. Plaintiff has continuously used the APEXART Mark in commerce for over at least twenty-eight years.

45. The Apexart Mark is distinctive by virtue of inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media, and publicity throughout the United States and beyond.

46. As described in detail in the paragraphs set forth above, Defendant is advertising, promoting, offering, and rendering art-related services in connection with the Infringing Mark in the United States.

47. Upon information and belief, consumers who encounter Defendant's art-related services are likely to believe that those services are affiliated with, or associated with Plaintiff. Thus, Defendant's use of the Infringing Marks in connection with its art-related services, is

COMPLAINT
JURY DEMAND

DM2\17068937.1

Page No. 8

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's art-related services by Plaintiff. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

48. Defendant's actions are without the authorization or permission of Plaintiff. Upon information and belief, Defendant chose to provide, offer, advertise, and promote Defendant's art-related services in connection with the Infringing Mark with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the APEXART Mark. Upon information and belief, Defendant chose to provide, offer, advertise, and art-related services in connection with the Infringing Mark in commerce with the intent to cause confusion, to cause mistake, or to deceive.

49. Upon information and belief, Defendant has profited from this infringement.

50. This is an exceptional case under 15 U.S.C. § 1117(a).

51. Defendant's willful conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

52. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Plaintiff is also entitled to an accounting of Defendant' profits resulting from its Lanham Act violations.

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))**

53. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

COMPLAINT
JURY DEMAND
DM2\17068937.1

Page No. 9

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

54. Defendant's unauthorized use of the Infringing Mark in connection with art-related services constitutes a false designation of origin and a false representation as to the origin of Defendant's goods and services, is likely to cause confusion, mistake, or deception as to the source of art-related services, and is likely to create the false impression that Defendant's art-related services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

55. Upon information and belief, Defendant chose to provide, offer, advertise, and promote art-related services in connection with the Infringing Mark with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the APEXART Mark. Upon information and belief, Defendant offered art-related services under and/or in connection with the Infringing Mark, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

56. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION

**(Violation of Washington Consumer Protection Act, RCW 19.86.010, et seq.)**

58. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

59. Defendant's advertising, marketing, and offering of art-related services under the Infringing Mark constitutes an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

60. Defendant's advertising, marketing, and offering of art-related services under the Infringing Mark harms the public interest by deceiving consumers about the authenticity, origins, and sponsorship of the products.

COMPLAINT
JURY DEMAND

Page No. 10

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

61. Defendant's advertising, marketing, and offering of art-related services under the Infringing Mark directly and proximately causes harm to and tarnished Plaintiff's reputation and brand, and damages its business and property interests and rights.

62. Accordingly, Plaintiff seeks to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs. Plaintiff further seeks to recover its actual damages, trebled.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

63. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

64. Defendant's conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendant's art-related services, or to cause mistake or to deceive the public into believing that Defendant's art-related services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the APEXART Mark under Washington common law.

65. Upon information and belief, Defendant chose to provide, offer, advertise, and promote Defendant's art-related services under and/or in connection with the Infringing Mark with constructive and/or actual knowledge of Plaintiff prior use of and rights in the APEXART Mark. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendant willfully with the intention of causing harm to Plaintiff and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation. By adopting and using the APEXART Mark, Defendant has been unjustly enriched and Plaintiff has been damaged.

66. By misappropriating and trading upon the goodwill and business reputation represented by the APEXART Mark, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

COMPLAINT
JURY DEMAND

Page No. 11

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

67. Defendant' sale, advertisement, and promotion of Defendant's art-related services under and/or in connection with the Infringing Mark, constitutes unfair competition under Washington common law.

68. Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

69. In light of the foregoing, Plaintiff is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. For an order and judgment that Defendant has infringed Plaintiff's APEXART Mark in violation of Plaintiff's rights under 15 U.S.C. § 1114, common law, and/or Washington law.

2. For an order and judgment that Defendant has unfairly competed with Plaintiff in violation of Plaintiff's rights under 15 U.S.C. § 1125(a), common law, and/or Washington law.

3. For an order and judgment that Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard to Plaintiff's rights;

4. For an order permanently enjoining and restraining Defendant, its officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

COMPLAINT
JURY DEMAND
DM2\17068937.1

Page No. 12

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

(a) Using the Infringing Mark or any other trademark that is confusingly similar to the APEXART Mark with the sale or advertisement of Defendant's art-related services;

(b) Conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, distribution, displaying, sale or offering for sale of any art-related goods and services, in any media or format, using the Infringing Mark, or any other trademark that is confusingly similar to the APEXART Mark;

(c) Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant, or any services advertised, promoted, sold or offered for sale by Defendant, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

(d) Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the APEXART Mark;

(e) Applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the APEXART Mark or any other confusingly similar trademark, including the APEXART ART LAB mark, for art or any goods or services related to the foregoing;

(f) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

COMPLAINT
JURY DEMAND

Page No. 13

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

5. For an order directing Defendant to deliver up to Plaintiff's attorneys an accounting of all profits earned in connection with Defendant' art-related services;

6. For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or services advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant is in any manner authorized by Plaintiff or related in any way to Plaintiff;

7. For an order directing Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

8. For an order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

9. For an order awarding Plaintiff all gains, profits, property and advantages derived by Defendant from Defendant's unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

10. For an order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

11. For an order awarding Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

12. For an order awarding Plaintiff restitution for Defendant's unfair business practices pursuant to RCW 19.86.010, et seq.;

13. For an order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums;

COMPLAINT
JURY DEMAND

Page No. 14

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1

14. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.

DATED: December 22, 2022

By: /s/ Hari Kumar
Hari Kumar, WSB No. 53597
E-mail:   hkumar@duanemorris.com
**DUANE MORRIS LLP**
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: +1 415 957 3034
Fax: +1 415 957 3001

Brian D. Siff (pending admission *pro hac vice*)
Email: bdsiff@duanemorris.com
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1055
Fax: +1 212 208 2430

Attorneys for Plaintiff
APEXART CURATORIAL PROGRAM, INC.

COMPLAINT
JURY DEMAND

Page No. 15

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068937.1